**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **Attorney General of the United States of America**, | |
| Plaintiff, | Civil Action No. 23- 1575 |
| v. | |
| **Federación de Alcades Pedaneo**, | |
| Defendant. | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

The Attorney General of the United States of America, by and through his undersigned

counsel, alleges and complains against Defendant, Federación de Alcades Pedaneo ("FDAP"), as

follows:

**I.      Introduction**

1.      This statutory injunction action is brought under the Foreign Agents Registration

Act of 1938, as amended, 22 U.S.C. § 611 *et seq.* ("FARA" or "the Act"), to compel Defendant,

pursuant to 22 U.S.C. § 618(f), to comply with mandatory requirements for FARA registrants,

including those requiring the submission of supplemental statements to the Attorney General, as

required by 22 U.S.C. § 612(a); payment of corresponding filing fees, as required by 28 C.F.R.

§§ 5.5(d)(2), (h); filing of "a true and complete copy of [the registrant's] charter, articles of

incorporation, association, constitution, and bylaws, and amendments thereto," as required by 22

U.S.C. § 612(a)(2) and 28 C.F.R. § 5.201(c)(1); and filing of a "statement of the ownership and

control of each [foreign principal]," as required by 22 U.S.C. § 612(a)(3) and 28 C.F.R.

§ 5.201(a)(1).

2.      After having been informed by the U.S. Department of Justice, on multiple

occasions, of Defendant's failures to satisfy these requirements, Defendant has neglected to

fulfill its obligations as a FARA registrant. Because these failures constitute ongoing violations

of FARA and given the likelihood that these violations will continue in the absence of court

action, a permanent injunction is necessary.

## II.     Jurisdiction and Venue

3.      This Court has jurisdiction over the subject matter and all parties to this action

under 28 U.S.C. §§ 1331, 1345 and 22 U.S.C. § 618(f).

4.      Venue in this district is proper under 28 U.S.C. § 1391(b) because Defendant

resides in this judicial district and a substantial part of the events or omissions giving rise to this

action occurred within this judicial district.

## III.    The Parties

5.      Plaintiff is the Attorney General of the United States. The Attorney General is the

nation's chief law enforcement officer and the head of the U.S. Department of Justice, an

Executive Agency of the United States, and is entrusted with administering FARA. Pursuant to

his statutory authority, *see* 22 U.S.C. § 620, the Attorney General has promulgated regulations

delegating the responsibility for administering and enforcing the Act to the Assistant Attorney

General for National Security. 28 C.F.R. § 5.1(a).

6.      Defendant Federación de Alcades Pedaneo has been registered since May 16,

2020, pursuant to FARA, as an agent for foreign principal Candidata A Diputada De Ultramar

Ivelin Pepen Cedeno (FARA Registration No. 6823). Defendant has since added Ms. Altagracia

del Pilar Mendez and Associates as an additional foreign principal to its FARA registration. In its

registration statement, attached hereto as Exhibit 1, Defendant lists Jose G. Vidal, President,

FDAP as one of the "partners, officers, directors or persons performing the functions of an officer or director of the registrant" and the person "render[ing] services directly in furtherance of the interests of any of the foreign principals." Ex. 1 at 2, 8.

7.     Defendant describes its regular business or activity as "consulting and [serving as] advisors for geo politics in the Carribean and Latin America." Ex. 1 at 2.

8.     According to Defendant's registration filed with the U.S. Department of Justice's FARA Unit, Defendant's "primary address" and principal place of business is 1435 Cotton Street, Reading, Pennsylvania 19602. Ex. 1 at 1. However, Mr. Vidal advised the FARA Unit by telephone on September 15, 2022, that his current address is 169 Chelsea Street, East Boston, Massachusetts 02128. Defendant has not officially updated its registration address, as required under 22 U.S.C. § 612(a)(1). Nonetheless, Mr. Vidal advised the FARA Unit that he has received correspondence from the FARA Unit at his ex-wife's residence, which is located at Defendant's primary address in Reading, Pennsylvania.

## IV.     **FARA**

9.     Among the chief purposes of FARA is to inform the American public of the activities of agents in the United States working for foreign principals to influence U.S. Government officials or the American public with reference to the domestic or foreign policies of the United States, or with reference to the political or public interests, policies, or relations of a foreign country or a foreign political party.

10.     Congress made this purpose clear in 1942 when it added the following opening paragraph preceding Section 1 of the Act:

> It is hereby declared to be the policy and purpose of this Act to protect the national defense, internal security, and foreign relations of the United States by requiring public disclosure by persons engaging in propaganda activities and other activities for or on behalf of foreign governments, foreign political parties, and other foreign

principals so that the Government and the people of the United States may be informed of the identity of such persons and may appraise their statements and actions in the light of their associations and activities.

Pub L. No. 532, 56 Stat. 248-249.

11.     U.S. agents of foreign principals must register with the Attorney General of the United States and make certain disclosures in the registration filings concerning the relationship with the foreign principal and activities undertaken within the United States on its behalf. 22 U.S.C. § 612(a).

12.     FARA does not limit the speech or political activities of its registrants, who are free to advance whatever message they wish, provided they disclose their relationship to their foreign principal and adhere to the recordkeeping and other requirements of the statute. The statute provides that "[i]f the Attorney General determines that a registration statement does not comply with the requirements of this Act or the regulations issued thereunder, he shall so notify the registrant in writing, specifying in what respects the statement is deficient." 22 U.S.C. § 618(g). It further provides that "[i]t shall be unlawful for any person to act as an agent of a foreign principal at any time ten days or more after receipt of such notification without filing an amended registration statement in full compliance with the requirements of this Act and the regulations issued thereunder." *Id*.

A.     **Supplemental Statement Requirement**

13.     FARA requires registrants to file supplemental statements "each period of six months succeeding" the initial filing of a registration statement. 22 U.S.C. § 612(b). FARA specifically provides the following:

> Every agent of a foreign principal who has filed a registration statement required by subsection (a) of this section shall, within thirty days after the expiration of each period of six months succeeding such filing, file with the Attorney General a supplement thereto under oath, on a form prescribed by the Attorney General,

4

which shall set forth with respect to such preceding six months' period such facts as the Attorney General, having due regard for the national security and the public interest, may deem necessary to make the information required under this section accurate, complete, and current with respect to such period.

*Id.*; *see also* 28 C.F.R. § 5.203. The obligation to file a supplemental statement at six-month intervals throughout the agency relationship continues even if the registrant does not engage in any activity in the interest of the foreign principal during a particular six-month reporting period. *See* 28 C.F.R. § 5.203(b).

14.     Pursuant to FARA, a person or entity who has an obligation to file supplemental statements has a continuing duty to do so "for as long as such failure exists." 22 U.S.C. § 618(e).

**B.     Filing Fee Requirement**

15.     FARA regulations further require registrants to pay certain filing fees, including "[f]or supplemental registration statements under § 5.203" in the amount of $305 per foreign principal. 28 C.F.R. § 5.5(d)(2).

16.     FARA regulations provide that, except in circumstances inapplicable here, "no document required to be filed under the Act shall be deemed to have been filed unless it is accompanied by the applicable fee." 28 C.F.R. § 5.5(h).

**C.     Documentary Requirements**

17.     FARA also requires that except in circumstances inapplicable here, registrants must submit "a true and complete copy of [the registrant's] charter, articles of incorporation, association, constitution, and bylaws, and amendments thereto." 22 U.S.C. § 612(a)(2). *See also* 28 C.F.R. § 5.201(c)(1) (providing that "[w]henever the registrant is an association, corporation, organization, or any other combination of individuals," it must file certain documents as Exhibit C, including "[a] copy of the registrant's charter, articles of incorporation or association, or constitution, and a copy of its bylaws, and amendments thereto.").

18.     Pursuant to 22 U.S.C. § 612(a)(3), FARA further requires registrants to submit a "statement of the ownership and control of each [foreign principal]."

## V.     FARA Non-Compliance

**A.     Despite repeated notifications from the FARA Unit, Defendant continues to violate FARA by failing to: file supplemental statements (Count I), pay associated filing fees (Count II), file its bylaws or charter (Count III), and file a statement of the organization and control of each foreign principal (Count IV), all of which it is required to do in order to maintain its registration and act as an agent of a foreign principal within the United States (Count V)**

19.     The FARA Unit has repeatedly sought to obtain Defendant's compliance with important FARA requirements. Despite these efforts, Defendant continues to violate a number of FARA requirements, as detailed herein.

20.     On June 10, 2020, the FARA Unit sent a letter and email to Defendant, reminding Defendant of its obligations under FARA and notifying it of its failure to comply with such requirements. *See* FARA Unit Notifications, attached hereto as Exhibit 2 at 4–5. The deficiencies and delinquencies identified in this letter (and all correspondence from the FARA Unit referenced herein) are described below. Defendant did not respond to the FARA Unit's June 10, 2020 letter, remedy its deficient filings, or pay the past-due fees.

21.     On February 24, 2022, the FARA Unit sent another letter and email to Defendant, informing Defendant of its obligations under FARA, failures to comply with such requirements, and the consequences of failure to fulfill those requirements. *See* Ex. 2 at 6–7. Defendant did not respond to the FARA Unit, remedy its deficient filings, or pay the past-due fees.

22.     On September 6, 2022, the FARA Unit sent a Notice of Deficiency ("NOD") to Defendant. The NOD was delivered to Mr. Vidal, on behalf of Defendant, on September 8, 2022. *See* Ex. 2 at 8–10. The NOD was sent in another effort to notify Defendant that it is in violation of FARA and encourage Defendant to remedy the deficiencies and delinquencies.

23.     On September 15, 2022, the FARA Unit spoke with Mr. Vidal by phone regarding Defendant's NOD and applicable requirements. The FARA Unit advised Mr. Vidal by phone that if he needed more time to correct Defendant's registration deficiencies and delinquencies, he should request an extension in writing. *See* Ex. 2 at 2.

24.     On September 16, 2022, Mr. Vidal, on behalf of Defendant, emailed the FARA Unit, seeking an extension to remedy Defendant's deficient filings and delinquent fees in response to the NOD. *See* Ex. 2 at 12. On the same date, the FARA Unit, by email, granted Defendant an extension until September 30, 2022. *See* Ex. 2 at 11.

25.     Having not heard from FDAP by the extended deadline of September 30, 2022, the FARA Unit sent Defendant an email, addressed to Mr. Vidal, on October 4, 2022, reminding Defendant that it "continues to be out of compliance with its FARA obligations" and stating that Defendant "must file its outstanding documents and pay the delinquent filing fees as soon as possible." *See* Ex. 2 at 11.

26.     On December 13, 2022, the FARA Unit attempted to contact Defendant about the outstanding NOD by phone. *See* Ex. 2 at 2. To date, Defendant has not responded to the voicemail the FARA Unit left with Mr. Vidal on this date or otherwise remedied its deficiencies and delinquencies.

27.     Having received no filings or payments from Defendant to remedy its deficient filings or delinquent fees after several written and oral communications, as detailed herein and attached hereto, the FARA Unit sent FDAP a final notice, entitled Notice of Non-Compliance ("NONC"), on December 20, 2022. The NONC, attached hereto as Exhibit 3, alerted Defendant that it is "now out of compliance with the Act," *see* 22 U.S.C. § 618(g), and if it does not remedy the deficiencies within ten (10) days of receipt of this notice, the FARA Unit may "seek[] a court

order requiring [Defendant's] compliance and prohibiting [it] from acting as an agent for a foreign principal until [it] compl[ies] with FARA." Ex. 3 at 1, 3 (citing 22 U.S.C. § 618(f)).

28.     The NONC further notified Defendant that the U.S. Department of Justice "may make application to the appropriate United States district court for an order enjoining such acts or enjoining [Defendant] from continuing to act as an agent of Candidata a Diputada de Ultramar Ivelin Pepen Cedeno and Ms. Altagracia del Pilar Mendez and Associates, or for an order requiring compliance with any appropriate provision of FARA." *See* 22 U.S.C. § 618(f); Ex. 3 at 1.

29.     The June 10, 2020 letter, February 24, 2022 letter, and September 6, 2022 NOD (collectively the "FARA Unit Notifications") were attached to the NONC sent on December 20, 2022. *See* Ex. 3.

30.     As of the date of filing this complaint, Defendant still has not filed its outstanding supplemental statements, charter or articles of incorporation, or a statement of ownership or control for one of its foreign principals, nor has it paid its overdue filing fees. Accordingly, Defendant's FARA registration is both deficient and delinquent, and Defendant may no longer lawfully act as an agent under FARA. *See* 22 U.S.C. § 618(g).

**B.     Defendant has failed to file supplemental statements required to maintain its registration under FARA**

31.     Defendant has not filed supplemental statements, required under 22 U.S.C. § 612(b); 28 C.F.R. § 5.203, for the six-month reporting periods ending November 30, 2020, May 31, 2021, November 30, 2021, May 31, 2022, and November 30, 2022.

**C.     Defendant has failed to pay outstanding filing fees for several supplemental statements**

32.     Defendant has not paid outstanding filing fees, which it is required to pay under 28 C.F.R. § 5.5(d)(2). Specifically, Defendant has failed to pay filing fees in the amount of

$2,440.00 for the foreign principals represented during the six-month reporting periods ending on November 30, 2020, May 31, 2021, November 30, 2021, May 31, 2022, and November 30, 2022. *See* Ex. 2 at 2; *see also* 28 C.F.R. §§ 5.5(d)(2), (h).

**D.    Defendant has failed to file its charter, articles of incorporation, association, constitution, and bylaws**

33.    Defendant has not filed "a true and complete copy of [its] charter, articles of incorporation, association, constitution, and bylaws, and amendments thereto," as required by 22 U.S.C. § 612(a)(2) and 28 C.F.R. § 5.201(c)(1).

**E.    Defendant has failed to file a statement of ownership and control for foreign principal Ms. Altagracia del Pilar Mendez and Associates**

34.    Defendant has not amended its response to Item 12 of the Exhibit A filed on behalf of the foreign principal, Ms. Altagracia del Pilar Mendez and Associates, on October 28, 2021, to disclose that foreign principal's ownership and control. *See* 22 U.S.C. § 612(a)(3) (requiring registrants to submit a "statement of the ownership and control of each [foreign principal]").

**VI.    Causes of Action**

**COUNT I**

**Supplemental Statements**

**(Violation of 22 U.S.C. § 612(b) and 28 C.F.R. § 5.203)**

35.    Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 34 of this Complaint as if fully set forth herein.

36.    By virtue of the acts described above, Defendant has violated 22 U.S.C. § 612(b) and 28 C.F.R. § 5.203 by failing to file supplemental statements for the six-month reporting periods ending on November 30, 2020, May 31, 2021, November 30, 2021, May 31, 2022, and November 30, 2022. The U.S. Department of Justice informed Defendant of these deficiencies

under 22 U.S.C. § 618(g), *see* Exs. 2 and 3, and Defendant still has not filed these mandatory supplemental statements.

37.     Plaintiff is entitled to a permanent injunction pursuant to 22 U.S.C. § 618(f) requiring Defendant to file its outstanding supplemental statements required for it to continue as an agent of a foreign principal under FARA, as required by 22 U.S.C. § 612(b).

## COUNT II

## Filing Fees

## (Violation of 28 C.F.R. § 5.5(d)(2))

38.     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 37 of this Complaint as if fully set forth herein.

39.     By virtue of the acts described above, Defendant has violated 28 C.F.R. § 5.5(d)(2) by failing to pay $2,440.00 in filing fees. The U.S. Department of Justice informed Defendant of these delinquencies under 22 U.S.C. § 618(g), *see* Exs. 2 and 3, and Defendant still has not paid outstanding filing fees in the amount of $2,440.00.

40.     Plaintiff is entitled to a permanent injunction pursuant to 22 U.S.C. § 618(f) requiring Defendant to pay its outstanding $2,440.00 in filing fees, as is required for it to continue as an agent of a foreign principal under FARA pursuant to 28 C.F.R. § 5.5(d)(2). *See also* 28 C.F.R. § 5.5(h) (providing that except in circumstances inapplicable here, "no document required to be filed under the Act shall be deemed to have been filed unless it is accompanied by the applicable fee").

**COUNT III**

**Defendant's Charter, Articles of Incorporation, Association, Constitution, and Bylaws**

**(Violation of 22 U.S.C. § 612(a)(2) and 28 C.F.R. § 5.201(c)(1))**

41.     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 40 of this Complaint as if fully set forth herein.

42.     By virtue of the acts described above, Defendant has violated 22 U.S.C. § 612(a)(2) by failing to file "a true and complete copy of [its] charter, articles of incorporation, association, constitution, and bylaws, and amendments thereto[.]" The U.S. Department of Justice informed Defendant of these deficiencies under 22 U.S.C. § 618(g), *see* Exs. 2 and 3, and Defendant still has not filed these records. *See also* 28 C.F.R. § 5.201(c)(1).

43.     Plaintiff is entitled to a permanent injunction pursuant to 22 U.S.C. § 618(f) requiring Defendant to file a copy of its "charter, articles of incorporation, association, constitution, and bylaws, and amendments thereto," which is required for it to continue as an agent of a foreign principal under FARA pursuant to 22 U.S.C. § 612(a)(2) and 28 C.F.R. § 5.201(c)(1).

**COUNT IV**

**Statement of the Ownership and Control of Foreign Principal**

**(Violation of 22 U.S.C. § 612(a)(3))**

44.     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45.     By virtue of the acts described above, Defendant has violated 22 U.S.C. § 612(a)(3) by failing to file a "statement of the ownership and control" of foreign principal Ms. Altagracia del Pilar Mendez and Associates. The U.S. Department of Justice informed Defendant

of this deficiency under 22 U.S.C. § 618(g), *see* Exs. 2 and 3, and Defendant still has not filed the necessary statement.

46.     Plaintiff is entitled to a permanent injunction pursuant to 22 U.S.C. § 618(f) requiring Defendant to file a "statement of the ownership and control" of foreign principal Ms. Altagracia del Pilar Mendez and Associates, as required for it to continue as an agent of a foreign principal under FARA pursuant to 22 U.S.C. § 612(a)(3).

## COUNT V

### Acting as an Agent of a Foreign Principal

### (Violation of 22 U.S.C. § 618(g))

47.     Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 46 of this Complaint as if fully set forth herein.

48.     Because Defendant has violated a number of FARA statutory and regulatory requirements, as alleged in Counts I through IV, and because more than ten days have passed since the U.S. Department of Justice first notified Defendant of these violations, *see* Exs. 2 and 3, it is unlawful for Defendant "to act as an agent of a foreign principal" until it files "an amended registration statement in full compliance with the requirements of this Act and the regulations issued thereunder." 22 U.S.C. § 618(g).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the Attorney General of the United States of America, respectfully requests that this Court enter:

A.  A declaratory judgment stating that, pursuant to 22 U.S.C. § 618(f), Defendant may not act as an agent under FARA until it has fulfilled its statutory and regulatory obligations described below.

B. A declaratory judgment stating that Defendant has an obligation to:

    a. File supplemental statements for six-month reporting periods ending November 30, 2020, May 31, 2021, November 30, 2021, May 31, 2022, and November 30, 2022, pursuant to 22 U.S.C. § 612(a);

    b. Pay delinquent filing fees for supplemental statements in the amount of $2,440.00, pursuant to 28 C.F.R. § 5.5(d)(2);

    c. File any "charter, articles of incorporation, association, constitution, and bylaws, and amendments thereto," as required by 22 U.S.C. § 612(a)(2) and 28 C.F.R. § 5.201(c)(1); and

    d. File an amendment including a "statement of the ownership and control of" foreign principal Ms. Altagracia del Pilar Mendez and Associates, as required by 22 U.S.C. § 612(a)(3).

C. A permanent injunction, pursuant to 22 U.S.C. § 618(f), enjoining Defendant from acting as an agent under FARA until it has fulfilled its statutory and regulatory obligations described below.

D. A permanent injunction requiring Defendant to:

    a. Submit true and complete supplemental statements for six-month reporting periods ending November 30, 2020, May 31, 2021, November 30, 2021, May 31, 2022, and November 30, 2022, pursuant to 22 U.S.C. § 612(a);

    b. Pay delinquent filing fees for supplemental statements in the amount of $2,440.00, pursuant to 28 C.F.R. § 5.5(d)(2);

      c.  File any "charter, articles of incorporation, association, constitution, and

           bylaws, and amendments thereto," as required by 22 U.S.C. § 612(a)(2) and

           28 C.F.R. § 5.201(c)(1); and

      d.  File an amendment including a "statement of the ownership and control of"

           foreign principal Ms. Altagracia del Pilar Mendez and Associates, as required

           by 22 U.S.C. § 612(a)(3).

E.  Any and all other relief necessary to fully effectuate the injunctions against

   Defendant; and

F.  Such other and further relief as the Court may deem just and proper.


Dated: April 25, 2023                 Respectfully submitted,

                                    MATTHEW G. OLSEN
                                    Assistant Attorney General
                                    National Security Division
                                    U.S. Department of Justice

                                    JENNIFER KENNEDY GELLIE
                                    Chief, FARA Unit
                                    National Security Division
                                    U.S. Department of Justice

                                     _s/ Garrett Coyle_____
                                    Garrett Coyle
                                    Trial Attorney
                                    National Security Division
                                    U.S. Department of Justice
                                    950 Pennsylvania Ave. NW
                                    Washington, DC 20005
                                    (202) 598-2929
                                    garrett.coyle2@usdoj.gov

# Exhibit 1

# Exhibit 1

**U.S. Department of Justice**

Washington, DC 20530

**Registration Statement**

**Pursuant to the Foreign Agents Registration Act of 1938, as amended**

## I--REGISTRANT

1. Name of Registrant

   FEDERACION DE ALCADES PEDANEO

2. Registration Number (To be assigned by the FARA Unit)

   6823

3. Primary Business Address
   1435 cotton st, reading, PA 19602

4. If the registrant is an individual, furnish the following information:

   (a) Residence address(es)
   N/A

   (b) Nationality   N/A

   (c) Year of birth   N/A

   (d) Present citizenship   N/A

   (e) If present citizenship not acquired by birth, state when, where and how acquired   N/A

   (f) Occupation   N/A

5. If the registrant is not an individual, furnish the following information:

   (a) Type of organization:  Committee ☐     Association ☒     Partnership ☐     Voluntary group ☐
                              Corporation ☐     Other *(specify)* N/A

   (b) Date and place of organization   11/04/2019, Reading ,Pa

   (c) Name of responsible individual   JOSE G. VIDAL
       (e.g., officer, director or partner)

   (d) Other business address(es), if any, including   N/A
       locations of branch or local offices

   (e) If a membership organization, provide number of members   N/A

FORM NSD-1
Revised 06/19

Ex. 1 - Page 1

(PAGE 2)

(f) List all partners, officers, directors or persons performing the functions of an officer or director of the registrant.

| Name | Residence Address | Citizenship | Position |
|---|---|---|---|
| Mr. Jose G. Vidal | | | PRESIDENT |
| Mr. William f. Rodriguez | ████████ | ████████ | vice president |

(g) Which of the above named persons renders services directly in furtherance of the interests of any of the foreign principals?

| Name | Foreign Principal(s) | Services |
|---|---|---|
| See Appendix for Response | | |

(h) Describe the nature of the registrant's regular business or activity.

CONSULTING AND ADVISORS FOR GEO POLITICS IN THE CARIBBEAN AND LATIN AMERICA.

(i) Give a complete description of the ownership and control structure of the registrant.

JOSE G. VIDAL PRESIDENT
WILLIAM F. RODRIGUEZ VICE PRESIDENT

6. List all individuals, other than those listed in Item 5(g), who render services or will render services to the registrant directly in furtherance of the interests of any foreign principal(s) in other than a clerical, secretarial, or in a related or similar capacity.

| Name | Residence Address | Foreign Principal(s) | Services |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

Ex. 1 - Page 2

## II--FOREIGN PRINCIPAL

7. List every foreign principal[1] for whom the registrant is acting or has agreed to act.

Foreign Principal
CANDIDATA A DIPUTADA DE ULTRAMAR IVELIN PEPEN
CEDENO

Foreign Principal Address
419 BUTTONWOOD ST
READING, PA 19601

## III--ACTIVITIES

8. In addition to the activities described in any Exhibit B to this statement, will the registrant engage or is the registrant engaging now in activity or rendering services on its own behalf which benefits any or all of its foreign principals?

Yes ☐          No ☒

If yes, describe fully.

Foreign Principal
N/A

Activities/Services
N/A

## IV--FINANCIAL INFORMATION

9. (a) **RECEIPTS-MONIES**

During the period beginning 60 days prior to the date of the registrant's obligation to register[2] under FARA, has the registrant received from any foreign principal named in Item 7 of this statement, or from any other source, for or in the interests of any such foreign principal, any contributions, income, or money either as compensation, or for disbursement or otherwise?

Yes ☐          No ☒

If yes, set forth below in the required detail and separately for each such foreign principal an account of such monies.[3]

| Foreign Principal | Date Received | From Whom | Purpose | Amount |
|---|---|---|---|---|
| N/A | N/A | N/A | N/A | N/A |

Total: N/A

1 The term "foreign principal," as defined in Section 1(b) of the Act, includes a foreign government, foreign political party, foreign organization, foreign individual and, for the purpose of registration, an organization or an individual any of whose activities are directly or indirectly supervised, directed, controlled, financed, or subsidized in whole or in major part by a foreign government, foreign political party, foreign organization or foreign individual.

2 An agent must register within 10 days of becoming an agent, and before acting as such.

3 A registrant is required to file an Exhibit D if he collects or receives contributions, loans, monies, or other things of value for a foreign principal, as part of a fundraising campaign. There is no printed form for this exhibit. (See Rule 201(e), 28 C.F.R. § 5.201(e)).

**(b) RECEIPTS-THINGS OF VALUE**

During the period beginning 60 days prior to the date of the registrant's obligation to register[4] under FARA, has the registrant received anything of value[5] other than money, from any foreign principal named in Item 7 of this statement, or from any other source, for or in the interests of any such foreign principal?

Yes ☐          No ☒

If yes, furnish the following information:

| Foreign Principal | Date Received | From Whom | Purpose | Thing of Value |
|---|---|---|---|---|
| N/A | N/A | N/A | N/A | N/A |

---

**10. (a) DISBURSEMENTS-MONIES**

During the period beginning 60 days prior to the date of the registrant's obligation to register[6] under FARA, has the registrant disbursed or expended monies in connection with activity on behalf of any foreign principal named in Item 7 of this statement or transmitted monies to any such foreign principal?

Yes ☐          No ☒

If yes, set forth below in the required detail and separately for each such foreign principal named including monies transmitted, if any, to each foreign principal.

| Foreign Principal | Date | Recipient | Purpose | Amount |
|---|---|---|---|---|
| N/A | N/A | N/A | N/A | N/A |

---

**(b) DISBURSEMENTS-THINGS OF VALUE**

During the period beginning 60 days prior to the date of the registrant's obligation to register[7] under FARA, has the registrant disposed of any thing of value[8] other than money in furtherance of or in connection with its activities on behalf of any foreign principal named in Item 7 of this statement?          Yes ☐          No ☒

If yes, furnish the following information:

| Foreign Principal | Date | Recipient | Purpose | Thing of Value |
|---|---|---|---|---|
| N/A | N/A | N/A | N/A | N/A |

---

**(c) DISBURSEMENTS-POLITICAL CONTRIBUTIONS**

During the period beginning 60 days prior to the date of the registrant's obligation to register[9] under FARA, has the registrant (or any short form registrant) made any contribution of money or other thing of value from its own funds and on its own behalf in connection with an election to any political office or in connection with any primary election, convention, or caucus held to select candidates for any political office?          Yes ☐          No ☒

If yes, furnish the following information:

| Date | Donor | Political Organization/Candidate | Method | Amount/Thing of Value |
|---|---|---|---|---|
| N/A | N/A | N/A | N/A | N/A |

---

4, 6, 7 and 9  See Footnote 2, on page 3.
5 and 8  Things of value include but are not limited to gifts, interest-free loans, expense-free travel, favored stock purchases, exclusive rights, favored treatment over competitors, "kickbacks", and the like.

Ex. 1 - Page 4

# V--INFORMATIONAL  MATERIALS[10]

11. Prior to the time of filing this statement,[11] has the registrant prepared, disseminated, or caused to be disseminated, any informational materials on behalf of any foreign principal listed in Item 7 of this statement?

    Yes ☒        No ☐

If yes, identify each foreign principal and attach the informational materials.

| Foreign Principal | Informational Materials Attached | Type |
|---|---|---|
| CANDIDATA A DIPUTADA DE ULTRAMAR IVELIN PEPEN CEDENO | Informational Materials are being mailed | |

12. (a) Will the activities of the registrant on behalf of any foreign principal include the preparation or dissemination of informational materials?

    Yes ☒        No ☐

(b) Identify each such foreign principal.

    CANDIDATA A DIPUTADA DE ULTRAMAR IVELIN PEPEN CEDENO

13. Has a budget been established or specified sum of money allocated to finance the registrant's activities in preparing or disseminating informational materials?    Yes ☐    No ☒

If yes, identify each foreign principal, and specify the period of time and the amount.

| Foreign Principal | Period of Time | Amount |
|---|---|---|
| N/A | N/A | N/A |

14. Will any individuals or organizations, including public relations firms or publicity agents, participate in the preparation or dissemination of such informational materials?

    Yes ☐        No ☒

If yes, furnish the names and addresses of such individuals or organizations.

| Name | Address | Foreign Principal(s) |
|---|---|---|
| N/A | N/A | N/A |

15. Activities in preparing or disseminating informational materials will include the use of the following:

☒ Magazine or newspaper    ☒ Advertising campaigns    ☒ Press releases    ☒ Pamphlets or other publications
☐ Lectures or speeches    ☒ Radio or TV broadcasts    ☐ Motion picture films    ☐ Letters or telegrams
☐ Email
☒ Website URL(s):  WWW.IVELINPEPEN2020.COM
☐ Social Media website URL(s): N/A
☐ Other (specify)  N/A

10 The term informational materials includes any oral, visual, graphic, written, or pictorial information or matter of any kind, including that published by means of advertising, books, periodicals, newspapers, lectures, broadcasts, motion pictures, electronic communications, or any means or instrumentality of interstate or foreign commerce or otherwise. Informational materials disseminated by an agent of a foreign principal as part of an activity in itself exempt from registration, or an activity which by itself would not require registration, need not be filed pursuant to Section 4(b) of the Act.

11 See Footnote 2, on page 3.

(PAGE 6)

16. Informational materials will be disseminated among the following groups:

- ☒ Public officials
- ☒ Legislators
- ☐ Government agencies
- ☒ Newspapers
- ☐ Editors

- ☒ Civic groups or associations
- ☐ Libraries
- ☐ Educational groups
- ☒ Nationality groups
- ☐ Other *(specify)* N/A

17. Indicate the language to be used in the informational materials:

- ☒ English
- ☒ Other *(specify)* SPANISH

## VI--EXHIBITS AND ATTACHMENTS

18. (a)   The following described exhibits shall be filed with a Registration Statement:

*Exhibit A-*   This exhibit, which is filed on Form NSD-3, sets forth the information required to be disclosed concerning each foreign principal named in Item 6.

*Exhibit B-*   This exhibit, which is filed on Form NSD-4, sets forth the information concerning the agreement or understanding between the registrant and the foreign principal.

(b)   An Exhibit C shall be filed when applicable. This exhibit, for which no printed form is provided, consists of a true copy of the charter, articles of incorporation, association, constitution, and bylaws of a registrant that is an organization. A waiver of the requirement to file an Exhibit C may be obtained for good cause shown upon written application to the Assistant Attorney General, National Security Division, U.S. Department of Justice, Washington, DC 20530. (See Rule 201(c) and (d)).

(c)   An Exhibit D shall be filed when applicable. This exhibit, for which no printed form is provided, sets forth an account of money collected or received as a result of a fundraising campaign and transmitted for a foreign principal. (See Rule 201 (e)).

## VII--EXECUTION

In accordance with 28 U.S.C. § 1746, and subject to the penalties of 18 U.S.C. § 1001 and 22 U.S.C. § 618, the undersigned swears or affirms under penalty of perjury that he/she has read the information set forth in this Registration Statement, that he/she is familiar with the contents thereof, and that such contents are in their entirety true and accurate to the best of his/her knowledge and belief.

| Date | Printed Name | Signature [12] |
|---|---|---|
| 05/14/2020 | Jose G. Vidal | /s/Jose G. Vidal |
| 05/14/2020 | William F. Rodriguez | /s/William F. Rodriguez |
| 05/14/2020 | Ivelin Pepen Cedeno | /s/Ivelin Pepen Cedeno |
| | | |

---

12  This statement shall be signed by the individual agent, if the registrant is an individual, or by a majority of those partners, officers, directors or persons performing similar functions, if the registrant is an organization, except that the organization can, by power of attorney, authorize one or more individuals to execute this statement on its behalf.

**U.S. Department of Justice**                                              **Registration Statement**
Washington, DC 20530

In accordance with 28 U.S.C. § 1746, and subject to the penalties of 18 U.S.C. § 1001 and 22 U.S.C. § 618, the undersigned swears or affirms under penalty of perjury that he/she has read the information set forth in this Registration Statement, that he/she is familiar with the contents thereof, and that such contents are in their entirety true and accurate to the best of his/her knowledge and belief.

| Date | Printed Name | Signature |
|------|-------------|-----------|
| 5-14-2020 | Jose G. Vidal | |
| 5-14-2020 | William F Rodriguez | |
| 5/14/2020 | Iuelin Peper Cadero | |
| | | |

# Appendix

## Response to Item 5(g)

**Item 5(g): If the registrant is not an individual, furnish the following information: Which of the above named persons renders services directly in furtherance of the interests of any of the foreign principals?**

| Person | Foreign Principal(s) | Services |
|---|---|---|
| Mr. Jose G. Vidal | CANDIDATA A DIPUTADA DE ULTRAMAR IVELIN PEPEN CEDENO | PUBLIC RELATIONS, TRANSLATING, PROMOTIONS, PEPARATION AND DESIMINATION OF INFORMATIONAL MATERIAL, SCHEDULLING EVENTS |
| Mr. William f. Rodriguez | CANDIDATA A DIPUTADA DE ULTRAMAR IVELIN PEPEN CEDENO | PUBLIC RELATIONS, TRANSLATING, PROMOTIONS, PEPARATION AND DESIMINATION OF INFORMATIONAL MATERIAL, SCHEDULLING EVENTS TO REACH THE DOMINICAN COMMUNITY IN THE UNITED STATES |

# Exhibit 2

# Exhibit 2



**U.S. Department of Justice**

National Security Division

---

*Counterintelligence and Export Control Section*                    *Washington, DC 20530*

December 20, 2022

**<u>Via Fedex and Email</u>**
Mr. Jose G. Vidal, President
Federación de Alcades Pedaneo
1435 Cotton Street
Reading, PA 19602 ████████

<u>**NOTICE OF NON-COMPLIANCE**</u>

Re:  Federación de Alcades Pedaneo - Registration No. 6823

Dear Mr. Vidal:

Federación de Alcades Pedaneo ("FDAP") has failed to comply with the requirements of the Foreign Agents Registration Act ("FARA"), 22 U.S.C. §§ 611 *et seq.*, as well as the regulations issued thereunder, 28 C.F.R. §§ 5.1 *et seq.*, as set forth more specifically below.  *See* 22 U.S.C. § 618(g).

Pursuant to Section 618(f) of FARA, "whenever any agent of a foreign principal fails to comply with any of the provisions of FARA, or otherwise is in violation of FARA, the Attorney General may make application to the appropriate United States district court for an order enjoining such acts or enjoining FDAP from continuing to act as an agent of Candidata a Diputada de Ultramar Ivelin Pepen Cedeno and Ms. Altagracia del Pilar Mendez and Associates, or for an order requiring compliance with any appropriate provision of FARA.  The district court shall have jurisdiction and authority to issue a temporary or permanent injunction, restraining order or such other order which it may deem proper."  *See id.*  **If FDAP fails to comply with FARA and its regulations after ten days from the date you receive this notice, then we may file a civil action against FDAP seeking a court order requiring FDAP's compliance and prohibiting FDAP from acting as an agent for its foreign principals until it complies with FARA.**

**I.      List of FARA Deficiencies**

Under FARA, FDAP is required to, but has not:

1.  Amended its response to Item 12 of the Exhibit A filed on behalf of the foreign principal, Ms. Altagracia del Pilar Mendez and Associates, on October 28, 2021, to disclose its ownership and control.  *See* 22 U.S.C. § 612(a)(3).

2.  Amended its Exhibits B and attached fully executed copies of the agreements with the foreign principals, Candidata a Diputada de Ultramar Ivelin Pepen Cedeno and Ms. Altagracia del Pilar Mendez and Associates.  *See* 22 U.S.C. § 612(a).

3.  Provided a copy of the Exhibit C.[1]

4.  Filed Supplemental Statements for the six-month reporting periods ending November 30, 2020, May 31, 2021, November 30, 2021, May 31, 2022, and November 30, 2022.[2]

5.  Paid filing fees in the total amount of $2,440.00 for the foreign principal represented during the above-described six-month reporting periods.[3]

6.  Filed with the FARA Unit any "informational materials" it has distributed to two or more persons, as required by FARA.  *See* 22 U.S.C. § 614(a); 28 C.F.R. § 5.400.

## II.    FDAP's Failure to Respond to the FARA Unit's Efforts to Obtain Compliance

The FARA Unit has expended significant effort to obtain FDAP's compliance with these FARA requirements to no avail.  Specifically, the FARA Unit has over the past two years sent correspondence to FDAP by letter and email on June 10, 2020, February 24, 2022, September 6, 2022, September 16, 2022, October 4, 2022; spoke with the registrant on September 15, 2022, and attempted to contact the registrant on December 13, 2022, regarding these violations.  Further, the FARA Unit sent a Notice of Deficiency ("NOD") to FDAP on September 6, 2022, that was delivered on September 8, 2022, notifying FDAP as to the requirement that it correct the deficiencies identified in the NOD.  Over 90 days have transpired since then, yet FDAP has neither responded to the NOD, nor paid the delinquent filing fees, nor filed any outstanding informational materials as disseminated, including via social media channels.  As such, FDAP has failed to remedy any of the identified deficiencies enumerated in the NOD in violation of federal law.

## III.    Remedying Deficiencies and Consequences if You Fail to Do So

To reiterate, as a result of FDAP's failure to correct the deficiencies described above, we are invoking Section 618(f) of FARA to notify you that the Attorney General may make application to the appropriate United States district court for an order enjoining FDAP from continuing to act as an agent of Candidata a Diputada de Ultramar Ivelin Pepen Cedeno and Ms. Altagracia del Pilar Mendez and Associates, or for an order requiring compliance with any appropriate provision of FARA.

---

[1] Section 2(a)(2) of the Act requires that an Exhibit C, which consists of a true copy of the charter, articles of incorporation, association, constitution, and bylaws of a registrant that is an organization, be filed when applicable. Please note that there is no form for an Exhibit C.

[2] Each Supplemental Statement must disclose all activities, receipts, and disbursements in connection with the registrant's representation of the foreign principal.  *See* 22 U.S.C. § 612(b); 28 C.F.R. § 5.203.

[3] All Supplemental Statements must be accompanied by a $305.00 filing fee for each foreign principal represented during the six-month reporting period, as mandated by Congress.  *See* 22 U.S.C. § 620; 28 C.F.R. §§ 5.5(d)(1), (d)(2), (h).

**You are now out of compliance with the Act.** *See* **22 U.S.C. § 618(g).  We will grant you an additional ten (10) days of your receipt of this notice before moving forward with a civil action against you** in a United States district court pursuant to Section 618(f) of FARA, seeking a court order requiring your compliance and prohibiting you from acting as an agent for a foreign principal until you comply with FARA.  *See* 22 U.S.C. § 618(f).

To ensure you may continue to act as an agent of a foreign principal and avoid the costs of litigation, you must contact, without delay, the FARA Unit at (202) 233-0776, or by email at www.fara.public@usdoj.gov.

Sincerely,

/s/ *Jennifer K. Gellie*

Jennifer Kennedy Gellie
Chief, FARA Unit


Enclosures:
       Encl. 1 – Letter dated June 10, 2020
       Encl. 2 – Letter dated February 24, 2022
       Encl. 3 – Notice of Deficiency dated September 6, 2022
       Encl. 4 – Email dated September 16, 2022
       Encl. 5 – Email dated October 4, 2022

cc:    Jose G. Vidal, President
       Federación de Alcades Pedaneo
       169 Chelsea Street
       East Boston, MA  02128



**U.S. Department of Justice**

National Security Division

---

*Counterintelligence and Export Control Section*          *Washington, DC 20530*

June 10, 2020

Mr. Jose G. Vidal, President
Federacion De Alcades Pedaneo
1435 Cotton Street
Reading, PA 19602

      Re:   Federacion De Alcades Pedaneo - Registration No. 6823

Dear Mr. Vidal:

      This is in reference to your registration pursuant to the Foreign Agents Registration Act of 1938, as amended, 22 U.S.C. § 611 *et seq*. ("FARA" or "the Act").  A review of your registration revealed the following deficiencies:

    1)  <u>Exhibit B, Item 4</u>:  The contract you filed with the Exhibit B is not signed.  Please amend your Exhibit B and attach a fully executed copy of the agreement.  *See* 22 U.S.C. § 612(a).

    2)  <u>Exhibit C:</u>  Section 2(a)(2) of the Act requires that an Exhibit C, which consists of a true copy of the charter, articles of incorporation, association, constitution, and bylaws of a registrant that is an organization be filed when applicable.  Please provide a copy of the Exhibit C.  Please note that there is no form for an Exhibit C.

      In addition to the deficiencies referenced above, a review of the statements filed pursuant to the Act reveals that you will engage in "political activities" as that term is defined in Section 1(o) of the Act.[1]  Accordingly, please note the following requirements of FARA.  Specifically, I direct your attention to Section 4 of the Act, 22 U.S.C. § 614, which outlines the responsibilities of a registrant who disseminates informational materials on behalf of a foreign principal.  If a registered agent contacts any agency or official of the Government (including a member or committee of Congress) on behalf of the agent's foreign principal, Section 4(e) of the Act requires that the agent disclose his

---

[1] The term "political activities" means any activity that the person engaging in believes will, or that the person intends to, in any way influence any agency or official of the Government of the United States or any section of the public within the United States with reference to formulating, adopting, or changing the domestic or foreign policies of the United States or with reference to the political or public interests, policies, or relations of a government of a foreign country or a foreign political party.  22 U.S.C. § 611(o).

or her status as a foreign agent and identify his or her foreign principal.  Furthermore, Section 4(f) of FARA states, in essence, that whenever a registered agent appears before any committee of Congress to testify for or in the interest of his foreign principal, the agent shall, at the time of the appearance, furnish the committee with a copy of the agent's most recent registration statement filed with this Department for inclusion in the record as part of his or her testimony.

Further, if an agent disseminates informational materials, by mail or by any means or instrumentality of interstate or foreign commerce, and intends the materials to be disseminated among two or more persons, the agent must adhere to the requirements of Section 4(a) and (b) of the Act.  A copy of all informational materials disseminated for or in the interests of a foreign principal must be filed within 48 hours of transmittal, and must adhere to the statutory labeling requirements, which include the presence of a conspicuous statement on the materials.  *See* 22 U.S.C. § 614(a) and (b).  The following language must be included in the conspicuous statement in order to comply with Section 4(b) of the Act:

> *This material is distributed by (name of registrant) on behalf of (name of foreign principal).*
> *Additional information is available at the Department of Justice, Washington, DC.*

To complete your initial registration, please electronically file an Exhibit C and an amendment to your Exhibit B with a fully executed copy of the agreement.  This information must be provided within 30 days of the date of this letter.  Also, for your reference, I have enclosed a copy of the Guidelines for responding to Supplemental Statement Items 11 – 15, as well as a copy of the Act.  If you have any questions concerning this matter, please contact Thomasenia Manson at (202) 233-0776.  Any correspondence to this Unit should be addressed to the attention of Ms. Manson.

Sincerely,

*Thomasenia Manson /for*

Brandon L. Van Grack, Chief
FARA Unit

Enclosures



**U.S. Department of Justice**

National Security Division

---

*Counterintelligence and Export Control Section*                    *Washington, DC 20530*

February 24, 2022

Jose G. Vidal, President
Federacion De Alcades Pedaneo
1435 Cotton Street
Reading, PA 19602

Re:  Federacion De Alcades Pedaneo - Registration No. 6823

Dear Mr. Vidal:

This is in reference to your registration pursuant to the Foreign Agents Registration Act of 1938, as amended, 22 U.S.C. § 611 *et seq*. ("FARA" or "the Act").

Please contact us as soon as possible because Section 22 U.S.C. § 618 provides remedies in the event that registrants do not correct deficiencies.  Specifically, unless the outstanding documents are filed and the delinquent filing fees paid within 30 days of this letter, a formal Notice of Deficiency will be issued to you by the Attorney General, pursuant to Section 618(g) of the Act.

**List of FARA Deficiencies**

1) <u>Exhibit C:</u>  Section 2(a)(2) of the Act requires that an Exhibit C, which consists of a true copy of the charter, articles of incorporation, association, constitution, and bylaws of a registrant that is an organization be filed when applicable.  You must provide a copy of the Exhibit C.  Please note that there is no form for an Exhibit C.

2) <u>Supplemental Statements:</u>  We have not received your Supplemental Statements for the six-month reporting periods ending November 30, 2020, May 31, 2021, and November 30, 2021.  Each Supplemental Statement must disclose your activities, receipts, and disbursements in connection with your representation of the foreign principal.  *See* 22 U.S.C. § 612(b).  And each Supplemental Statement must be accompanied by a $305 filing fee, as mandated by Congress.  *See* P.L. 102-395 and 28 C.F.R. § 5.5.  Currently, you have an overdue filing fee balance of $1,220.00.

3) <u>Exhibits A, Item 12:</u>  You must amend your response to Item 12 of the Exhibits A filed on behalf of the foreign principals Candidata A Diputada De Ultramar Ivelin Pepen Cedeno on May 16, 2020, and Ms. Altagracia del Pilar Mendez and Associates on October 28, 2021, to disclose the ownership and control of each.  *See* 22 U.S.C. § 612(a)(3).

**If you do not update your registration as described herein, and, thus, you receive such a Notice of Deficiency, ten days after receipt of that notice, it will be unlawful for you to continue activity on behalf of the foreign principal until such time as the required materials are filed with the FARA Unit.**

You must correct all the deficiencies listed above and pay any delinquent filing fees as soon as possible, but no later than 30 days from the date of this letter.  To do so, please use FARA eFile located on our website at https://www.justice.gov/nsd-fara/fara-efile.

If you have any questions, please contact Program Analyst Thomasenia Manson of this Unit at (202) 233-0776 or by email at ███████████████████.  Any correspondence to this Unit should be addressed to the attention of Ms. Manson.

Sincerely,

*Thomasenia Manson /for*

Jennifer Kennedy Gellie
Chief, FARA Unit

Enclosures



**U.S. Department of Justice**

National Security Division

---

*Counterintelligence and Export Control Section*          *Washington, DC 20530*

September 6, 2022

**Via FedEx**
Mr. Jose G. Vidal, President
Federacion De Alcades Pedaneo
1435 Cotton Street
Reading, PA 19602

<u>**NOTICE OF DEFICIENCY**</u>

      Re:    Federacion De Alcades Pedaneo – Registration No. 6823

Dear Mr. Vidal:

      This is in reference to the Federacion De Alcades Pedaneo ("FDAP") registration pursuant to the Foreign Agents Registration Act of 1938, as amended, 22 U.S.C. § 611 *et seq*. ("FARA" or "the Act").  FDAP has failed to comply with the requirements of the Foreign Agents Registration Act ("FARA"), 22 U.S.C. §§ 611 *et seq*., as well as the regulations issued thereunder, 28 C.F.R. §§ 5.1 *et seq.*

      Pursuant to 22 U.S.C. § 618(g), **it is "unlawful for FDAP to act as an agent of a foreign principal at any time ten days or more after receipt of [this] notification without filing an amended registration statement in full compliance" with FARA** and its regulations.  *See id.*  If FDAP is not in compliance with FARA and its regulations after ten days from the date you receive this notice, then we may file a civil action against FDAP seeking a court order requiring compliance and prohibiting you from acting as an agent for FDAP's foreign principal until you comply with FARA.

    **I.**    **List of FARA Deficiencies**

      1)  <u>Exhibit A, Item 12</u>:  FDAP must amend its response to Item 12 of the Exhibit A filed on behalf of the foreign principal, Ms. Altagracia del Pilar Mendez and Associates, on October 28, 2021, to disclose its ownership and control.  *See* 22 U.S.C. § 612(a)(3).

      2)  <u>Exhibits B, Item 4</u>:  The agreements filed with the Exhibits B are not signed.  Please amend your Exhibits B and attach fully executed copy of the agreements with the foreign principals, Candidata A Diputada De Ultramar Ivelin Pepen Cedeno and Ms. Altagracia del Pilar Mendez and Associates.  *See* 22 U.S.C. § 612(a).

      3)  <u>Exhibit C</u>:  Section 2(a)(2) of the Act requires that an Exhibit C, which consists of a true copy of the charter, articles of incorporation, association, constitution, and

bylaws of a registrant that is an organization, be filed when applicable.  You must provide a copy of the Exhibit C.  Please note that there is no form for an Exhibit C.

4) <u>Supplemental Statements</u>:  This office has not received your organization's Supplemental Statements for the six-month reporting periods ending November 30, 2020, May 31, 2021, November 30, 2021, and May 31, 2022.  Each Supplemental Statement must disclose all activities, receipts, and disbursements in connection with your organization's representation of the foreign principal.  *See* 22 U.S.C. § 612(b).  All Supplemental Statements must be accompanied by a $305.00 filing fee for each foreign principal represented during the six-month reporting period, as mandated by Congress.  *See* P.L. 102-395 and 28 C.F.R. § 5.5.  Please make the corresponding payments.  Currently, FDAP has an overdue filing fee balance of $1,830.00.

## II.     Registrant's Failure to Respond to the FARA Unit's Efforts to Obtain Compliance

For two years, FDAP has failed to comply with its FARA obligations despite the FARA Unit's efforts by U.S. Mail to obtain the registrant's compliance.  Specifically, on June 10, 2020, and February 22, 2022, we sent you letters by USPS.  Our most recent attempt, a deficiency letter dated February 22, 2022, remains unanswered.

## III.    Remedying Deficiencies and Consequences if You Fail to Do So

To reiterate, as a result of FDAP's failure to correct the deficiencies described above, we are invoking 22 U.S.C. § 618(g) to notify you of these deficiencies. **You must remedy these deficiencies within ten days of your receipt of this notice.**  If you fail to do so, it will be unlawful to continue to act as an agent on behalf of the foreign principal.  *See* 22 U.S.C. § 618(g).  However, if FDAP remedies these deficiencies within the ten-day period, it may continue to act as an agent unless FDAP thereafter receives a Notice of Noncompliance from the FARA Unit.  *See* 28 C.F.R. §§ 5.800, 801.

Ultimately, should your organization fail to remedy these deficiencies within ten days of receipt of this notice, **we may file a civil action against FDAP** in a United States district court pursuant to 22 U.S.C. § 618(f), seeking a court order requiring its compliance and prohibiting the organization from acting as an agent for a foreign principal until it complies with FARA.

To avoid the costs of litigation and to ensure FDAP may continue to act as an agent of a foreign principal, you must correct all the deficiencies listed above and pay any delinquent filing fees as soon as possible, but no later than 10 days from the date of this letter.  To do so, please use FARA eFile located on our website at https://www.justice.gov/nsd-fara/fara-efile.

If you have any questions, please contact, without delay, Program Analyst Thomasenia Manson of this Unit at (202) 233-0776 or by email at ███████████████ .

Sincerely,

*Jennifer K. Gellie*

Jennifer Kennedy Gellie
Chief, FARA Unit

| | |
|---|---|
| **From:** | ███████████████ |
| **To:** | |
| **Subject:** | RE: [EXTERNAL] EXTENCION OF DOCUMENTACION FOR FEDERACION DE ALCADES PEDANEO #6823 |
| **Date:** | Tuesday, October 4, 2022 10:31:00 AM |
| **Importance:** | High |

Good morning Mr. Vidal,

On September 16, 2022, we provided the registrant, Federacion De Alcades Pedaneo, with an extension to September 30, 2022, in order to file its outstanding documents and pay the delinquent filing fees.  However, the registrant continues to be out of compliance with its FARA obligations.  **The registrant must file its outstanding documents and pay the delinquent filing fees as soon as possible.**  If you are unable to do so, you must contact our office immediately.

**Please acknowledge your receipt of this email.**

Best regards,

**Thomasenia Manson**
**Program Analyst**
Foreign Agents Registration Act (FARA) Unit
Counterintelligence and Export Control Section
National Security Division
U.S. Department of Justice
Phone: 202-233-0776 (o) // 202-233-0777 (o)
Email: ████████████████████

**From:** ██████████████████
**Sent:** Friday, September 16, 2022 10:28 AM
**To:** ████████████████████████
**Subject:** RE: [EXTERNAL] EXTENCION OF DOCUMENTACION FOR FEDERACION DE ALCADES PEDANEO #6823

Mr. Vidal,

This is in reference to your email wherein you requested additional time to respond to the Notice of Deficiency (attached) dated September 6, 2022, with a current due date of September 16, 2022.  Please note that an extension for an additional 2 weeks has been granted.  Accordingly, your outstanding documents and delinquent filing fees will be due on or before, September 30, 2022.

Regards,

Thomasenia Manson
Program Analyst
Foreign Agents Registration Act (FARA) Unit
Counterintelligence and Export Control Section

National Security Division
U.S. Department of Justice
Phone: 202-233-0776 (o) // 202-233-0777 (o)
Email: ██████████████████████

---

**From:** ████████████████████████████
**Sent:** Friday, September 16, 2022 9:19 AM
**To:** ███████████████████████████████
**Subject:** [EXTERNAL] EXTENCION OF DOCUMENTACION FOR FEDERACION DE ALCADES PEDANEO #6823

GOOD MORNING MS. MANSON,

PER OUR CONVERSATION ON SEPTEMBER 15, 2022 I AM ASKING FOR AND EXTENSION IN MY FILLING FOR FEDERACION DE ALCADES PEDANEO #6823.  PLEASE CONFIRM THAT FEDERACION DE ALCADES PEDANEO #6823 INDEED IS GOING TO BE GRANTED AN EXTENSION, AND WHAT IS THE NEW DATE TO WHICH I HAVE TO FILE OUR OUTSTANDING DOCUMENTS.


THANK YOU SO MUCH,
JOSE G VIDAL

**From:**
**To:**
**Subject:** RE: [EXTERNAL] EXTENCION OF DOCUMENTACION FOR FEDERACION DE ALCADES PEDANEO #6823
**Date:** Friday, September 16, 2022 10:28:00 AM
**Attachments:** Notice of Deficiency re Federacion De Alcades Pedaneo - Reg No 6823.pdf

Mr. Vidal,

This is in reference to your email wherein you requested additional time to respond to the Notice of Deficiency (attached) dated September 6, 2022, with a current due date of September 16, 2022. Please note that an extension for an additional 2 weeks has been granted.  Accordingly, your outstanding documents and delinquent filing fees will be due on or before, September 30, 2022.

Regards,

Thomasenia Manson
Program Analyst
Foreign Agents Registration Act (FARA) Unit
Counterintelligence and Export Control Section
National Security Division
U.S. Department of Justice
Phone: 202-233-0776 (o) // 202-233-0777 (o)
Email:

---

**From:**
**Sent:** Friday, September 16, 2022 9:19 AM
**To:**
**Subject:** [EXTERNAL] EXTENCION OF DOCUMENTACION FOR FEDERACION DE ALCADES PEDANEO #6823

GOOD MORNING MS. MANSON,

PER OUR CONVERSATION ON SEPTEMBER 15, 2022 I AM ASKING FOR AND EXTENSION IN MY FILLING FOR FEDERACION DE ALCADES PEDANEO #6823.  PLEASE CONFIRM THAT FEDERACION DE ALCADES PEDANEO #6823 INDEED IS GOING TO BE GRANTED AN EXTENSION, AND WHAT IS THE NEW DATE TO WHICH I HAVE TO FILE OUR OUTSTANDING DOCUMENTS.

THANK YOU SO MUCH,
JOSE G VIDAL

**From:**
**To:**       ███████████████
**Subject:**  Federacion De Alcades Pedaneo, Registration No. 6823
**Date:**     Friday, September 16, 2022 8:24:00 AM

Good morning Mr. Vidal,

Per our conversation on September 15, 2022, please respond to this email with a request in writing for an extension to file your outstanding documents and pay the delinquent filing fees for FARA registrant, Federacion De Alcades Pedaneo.  As soon as I receive your request, I will grant you an extension.

Best regards,

**Thomasenia Manson**
**Program Analyst**
Foreign Agents Registration Act (FARA) Unit
Counterintelligence and Export Control Section
National Security Division
U.S. Department of Justice
Phone: 202-233-0776 (o) // 202-233-0777 (o)
Email: ███████████████████████

# Exhibit 3

# Exhibit 3



**U.S. Department of Justice**

National Security Division

---

*Counterintelligence and Export Control Section*                    *Washington, DC 20530*

December 20, 2022

**<u>Via Fedex and Email</u>**
Mr. Jose G. Vidal, President
Federación de Alcades Pedaneo
1435 Cotton Street
Reading, PA 19602 ███████████

<u>**NOTICE OF NON-COMPLIANCE**</u>

      Re:  Federación de Alcades Pedaneo - Registration No. 6823

Dear Mr. Vidal:

      Federación de Alcades Pedaneo ("FDAP") has failed to comply with the requirements of the Foreign Agents Registration Act ("FARA"), 22 U.S.C. §§ 611 *et seq.*, as well as the regulations issued thereunder, 28 C.F.R. §§ 5.1 *et seq.*, as set forth more specifically below.  *See* 22 U.S.C. § 618(g).

      Pursuant to Section 618(f) of FARA, "whenever any agent of a foreign principal fails to comply with any of the provisions of FARA, or otherwise is in violation of FARA, the Attorney General may make application to the appropriate United States district court for an order enjoining such acts or enjoining FDAP from continuing to act as an agent of Candidata a Diputada de Ultramar Ivelin Pepen Cedeno and Ms. Altagracia del Pilar Mendez and Associates, or for an order requiring compliance with any appropriate provision of FARA.  The district court shall have jurisdiction and authority to issue a temporary or permanent injunction, restraining order or such other order which it may deem proper."  *See id.*  **If FDAP fails to comply with FARA and its regulations after ten days from the date you receive this notice, then we may file a civil action against FDAP seeking a court order requiring FDAP's compliance and prohibiting FDAP from acting as an agent for its foreign principals until it complies with FARA.**

**I.**      **List of FARA Deficiencies**

      Under FARA, FDAP is required to, but has not:

1.   Amended its response to Item 12 of the Exhibit A filed on behalf of the foreign principal, Ms. Altagracia del Pilar Mendez and Associates, on October 28, 2021, to disclose its ownership and control.  *See* 22 U.S.C. § 612(a)(3).

Mr. Jose G. Vidal
December 20, 2022
Page 2

2.  Amended its Exhibits B and attached fully executed copies of the agreements with the foreign principals, Candidata a Diputada de Ultramar Ivelin Pepen Cedeno and Ms. Altagracia del Pilar Mendez and Associates.  *See* 22 U.S.C. § 612(a).

3.  Provided a copy of the Exhibit C.[1]

4.  Filed Supplemental Statements for the six-month reporting periods ending November 30, 2020, May 31, 2021, November 30, 2021, May 31, 2022, and November 30, 2022.[2]

5.  Paid filing fees in the total amount of $2,440.00 for the foreign principal represented during the above-described six-month reporting periods.[3]

6.  Filed with the FARA Unit any "informational materials" it has distributed to two or more persons, as required by FARA.  *See* 22 U.S.C. § 614(a); 28 C.F.R. § 5.400.

## II.     FDAP's Failure to Respond to the FARA Unit's Efforts to Obtain Compliance

The FARA Unit has expended significant effort to obtain FDAP's compliance with these FARA requirements to no avail.  Specifically, the FARA Unit has over the past two years sent correspondence to FDAP by letter and email on June 10, 2020, February 24, 2022, September 6, 2022, September 16, 2022, October 4, 2022; spoke with the registrant on September 15, 2022, and attempted to contact the registrant on December 13, 2022, regarding these violations.  Further, the FARA Unit sent a Notice of Deficiency ("NOD") to FDAP on September 6, 2022, that was delivered on September 8, 2022, notifying FDAP as to the requirement that it correct the deficiencies identified in the NOD.  Over 90 days have transpired since then, yet FDAP has neither responded to the NOD, nor paid the delinquent filing fees, nor filed any outstanding informational materials as disseminated, including via social media channels.  As such, FDAP has failed to remedy any of the identified deficiencies enumerated in the NOD in violation of federal law.

## III.    Remedying Deficiencies and Consequences if You Fail to Do So

To reiterate, as a result of FDAP's failure to correct the deficiencies described above, we are invoking Section 618(f) of FARA to notify you that the Attorney General may make application to the appropriate United States district court for an order enjoining FDAP from continuing to act as an agent of Candidata a Diputada de Ultramar Ivelin Pepen Cedeno and Ms. Altagracia del Pilar Mendez and Associates, or for an order requiring compliance with any appropriate provision of FARA.

---

[1] Section 2(a)(2) of the Act requires that an Exhibit C, which consists of a true copy of the charter, articles of incorporation, association, constitution, and bylaws of a registrant that is an organization, be filed when applicable. Please note that there is no form for an Exhibit C.

[2] Each Supplemental Statement must disclose all activities, receipts, and disbursements in connection with the registrant's representation of the foreign principal.  *See* 22 U.S.C. § 612(b); 28 C.F.R. § 5.203.

[3] All Supplemental Statements must be accompanied by a $305.00 filing fee for each foreign principal represented during the six-month reporting period, as mandated by Congress.  *See* 22 U.S.C. § 620; 28 C.F.R. §§ 5.5(d)(1), (d)(2), (h).

Mr. Jose G. Vidal
December 20, 2022
Page 3

**You are now out of compliance with the Act.** *See* **22 U.S.C. § 618(g). We will grant you an additional ten (10) days of your receipt of this notice before moving forward with a civil action against you** in a United States district court pursuant to Section 618(f) of FARA, seeking a court order requiring your compliance and prohibiting you from acting as an agent for a foreign principal until you comply with FARA. *See* 22 U.S.C. § 618(f).

To ensure you may continue to act as an agent of a foreign principal and avoid the costs of litigation, you must contact, without delay, the FARA Unit at (202) 233-0776, or by email at www.fara.public@usdoj.gov.

Sincerely,

/s/ *Jennifer K. Gellie*

Jennifer Kennedy Gellie
Chief, FARA Unit

Enclosures:
      Encl. 1 – Letter dated June 10, 2020
      Encl. 2 – Letter dated February 24, 2022
      Encl. 3 – Notice of Deficiency dated September 6, 2022
      Encl. 4 – Email dated September 16, 2022
      Encl. 5 – Email dated October 4, 2022

cc:    Jose G. Vidal, President
       Federación de Alcades Pedaneo
       169 Chelsea Street
       East Boston, MA  02128